**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Bernabe Sanchez Gonzalez, individually and on behalf all
other employees similarly situated,

Plaintiffs,

- against -

Tribeca Hummus Inc. d/b/a Nish Nush, Eyal Hen, Eyal
Asulin, and Shai Sudai

Defendants.

Case No.

**FIRST AMENDED**
**COLLECTIVE ACTION**
**COMPLAINT**

Plaintiff Barnabe Sanchez Gonzalez on his own behalf and on behalf of all others similarly

situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby file this

complaint against the Defendants Tribeca Hummus Inc. d/b/a Nish Nush, Eyal Hen, Eyal Asulin,

and Shai Sudai (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked

over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) reimbursement for expenses relating to tools of the trade, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) overtime compensation, (3) unpaid "Spread of Hours" premium, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid minimum, unpaid spread of hours premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Bernabe Sanchez Gonzalez (herein "Plaintiff" or "Plaintiff Sanchez") is a resident of Brooklyn and was employed as a delivery worker by Defendants, with its principal

place of business at 88 Reade Street, New York, NY 10013, from on or about July 2013 until December 2016.

## CORPORATE DEFENDANT

8.     Upon information and belief, Corporate Defendant, Tribeca Hummus Inc. d/b/a Nish Nush , is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 88 Reade Street, New York, NY 10013.

9.     Upon information and belief, Tribeca Hummus Inc. d/b/a Nish Nush, operates two Mediterranean style restaurants, with one located at 88 Reade Street, New York, NY 10013 and the other located at 41 John Street, New York, NY 10038 under the same trade name, Nish Nush.

10.     Upon information and belief, at all times relevant hereto, Tribeca Hummus Inc. d/b/a Nish Nush is a business or enterprise engaged in interstate commerce employing more than twelve (12) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11.     Upon information and belief, at all relevant times hereto, Tribeca Hummus Inc. d/b/a Nish Nush have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12.     Tribeca Hummus Inc. d/b/a Nish Nush constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13.     Tribeca Hummus Inc. d/b/a Nish Nush has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

14.     Upon information and belief, Defendant Eyal Hen is an owner, officer, director and/or managing agent of Tribeca Hummus Inc. d/b/a Nish Nush,  participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribeca Hummus Inc.

15.     Upon information and belief, Defendant Eyal Hen owns the stock of Tribeca Hummus Inc. d/b/a Nish Nush  and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

16.     Upon information and belief, Defendant Eyal Asulin is an owner, officer, director and/or managing agent of Tribeca Hummus Inc. d/b/a Nish Nush,  participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribeca Hummus Inc.

17.     Upon information and belief, Defendant Eyal Asulin owns the stock of Tribeca Hummus Inc. d/b/a Nish Nush  and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

18.     Upon information and belief, Defendant Shai Sudai is the owner, officer, director and/or managing agent of Tribeca Hummus Inc. d/b/a Nish Nush,  participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C.

§203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Tribeca Hummus Inc.

19.     Upon information and belief, Defendant Shai Sudai owns the stock of Tribeca Hummus Inc. d/b/a Nish Nush  and manages and makes all business decisions including but not limited to the amount in salary the employees will receive, and the number of hours employees will work.

20.     At all times relevant herein Tribeca Hummus Inc. d/b/a Nish Nush was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

21.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Tribeca Hummus Inc. d/b/a Nish Nush.

22.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages and overtime compensation, and failed to provide him with a wage notice at the time of hiring in violation of the NYLL.

23.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## **STATEMENT OF FACTS**

24.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

25.     Defendants knew that the nonpayment of minimum wages, overtime pay, spread of hours premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26.     From on or about July 2013 to December 2016, Plaintiff Sanchez was hired by Defendants ostensibly as a delivery worker for Defendants' Mediterranean style restaurant located at 88 Reade Street, New York, NY 10013.

27.     However, when ostensibly working as a delivery worker, Plaintiff Sanchez was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to washing dishes, preparing food, cleaning, garbage duties, and stocking inventory (hereinafter," non-delivery, non-tip duties").

28.     Starting on or about July 2013 until December 2016, Plaintiff Sanchez worked six (6) days per week with Wednesday off.  Monday through Saturday, Plaintiff Sanchez worked from 10:00 a.m. until 10:00 p.m.  On Sundays, Plaintiff Sanchez worked from 10:00 am until 9:00 pm. During this period Plaintiff Sanchez was provided with a half hour break and worked approximately sixty-eight (68) hours per week.

29.     Plaintiff Sanchez was paid an hourly rate of $5.00 per hour beginning in 2013 through the end of 2015 and $7.50 per hour from 2015 until the end of his employment with Defendants in 2016.

30.     Plaintiff Sanchez was paid weekly in check throughout his employment with the Defendants.

31.     Defendant has employed and accounted for Plaintiff Sanchez as a delivery worker, but in actuality his duties have included greater or equal time spent performing non-delivery, non-tipped functions as those alleged above.

32.     However, under both the FLSA and NYLL, Defendant is not entitled to take a tip credit because Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146).

33.     Upon information and belief, Defendant has employed the policy and practice of disguising Plaintiff Sanchez's actual duties in payroll records to avoid paying Plaintiff Sanchez at the minimum wage rate, and to enable them to pay Plaintiff Sanchez at the lower tip-credit rate, by designating him as a delivery worker instead of a non-tipped employee.

34.     Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff Sanchez for expenses incurred in relation to tools of the trade used by Plaintiff Sanchez to make deliveries for the Defendant. Plaintiff Sanchez was required to purchase and maintain his own bicycle which was never reimbursed by Defendants. Plaintiff Sanchez spent $300.00 to purchase the bicycle and spent approximately $20.00 per month to maintain and repair the bicycle which was not reimbursed by the Defendants.

35.     Under the FLSA, the Plaintiff Sanchez is entitled to a credit for expenses for tools of trade.

36.     Defendants did not compensate Plaintiff Sanchez overtime compensation according to state and federal laws.

37.     Plaintiff Sanchez was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

38.     Defendants did not provide Plaintiff Sanchez with a wage notices at the time of his hiring.

39.     Defendants did not reimburse Plaintiff Sanchez for expenses incurred in relation to tools of the trade used by Plaintiff to make deliveries for the Defendant.

40.     Defendant's conduct has extended beyond Plaintiff Sanchez to all other similarly situated employees.

41.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

42.     Defendants knew that the nonpayment of overtime and minimum wage would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

46.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff or other similarly situated employees.

47.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

48.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

49.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

50.     Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

51.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

52.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

53.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

54.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

55.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.   Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c.   Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

e.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

f.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

g.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

h.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

56.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **STATEMENT OF CLAIM**

### **COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

58.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

59.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods"

for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

60.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

61.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

62.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

63.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

64.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

65.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiffs]**

66.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

67.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

69.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay them minimum wages in the lawful amount for hours worked.

**COUNT III**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiffs and the FLSA Collective]**

70.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

71.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

72.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

73.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

74.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and

Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

75.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

76.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

77.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action Members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

78.     Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

79.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

80.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the NYLL.

81.     Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hour Pay]**

82.      Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83.      The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

84.      Defendants' failure to pay Plaintiff and FLSA Collective spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]**

85.      Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.      At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to make deliveries for Defendant's restaurant business.

87.      Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, which includes but is not limited to purchasing a bicycle and the cost of maintaining and repairing the bicycle due to its constant use for the Defendant's restaurant.  At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to make deliveries for Defendants.

88.      Defendants knew of and/or showed a willful disregard for the provisions of the

FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## COUNT VII
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

89.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

91.     Due to the defendants' violation of the NYLL, § 195(1) Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §198-1(d).

94.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff and did not provide the pay stub on or after Plaintiff's payday.

95.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

<u>**Prayer for Relief**</u>

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Tribeca Hummus Inc. d/b/a Nish Nush its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and minimum wages due to Plaintiff under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages due under FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft Prevention Act, and interest;

h)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of unpaid  expenses relating to tools of the trade due under the FLSA;

j)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages, and overtime compensation pursuant to 29 U.S.C. §216;

l)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, "spread of hours" premium, and overtime compensation pursuant to New York Labor Law;

m)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)      The cost and disbursements of this action;

o)      An award of prejudgment and post-judgment fees;

p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
    November 15, 2018

                                        **HANG & ASSOCIATES, PLLC**

                  By:     /s/ *Lorena P. Duarte*
                          Lorena P. Duarte, Esq.
                          136-20 38th Ave., Suite #10G
                          Flushing, New York 11354
                          Telephone: (718) 353-8522
                          Email: lduarte@hanglaw.com
                          *Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Nist News Restaurant Cafe   and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Bernabe Sanchez Gonzalez_
Full Legal Name (Print)

_____
Signature

_____7/2/18_____
Date