# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

June 20, 2019

Rui Ma, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: rma@hanglaw.com

**VIA E-Mail:**
Hon. Judge Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      RE: Case No. 18-cv-10664-ER-OTW
      Bernabe Sanchez Gonzalez v. Tribeca Hummus Inc., et al.

Dear Judge Ramos:

Plaintiff Bernabe Sanchez Gonzalez ("Plaintiff," "Plaintiff Sanchez," or "Mr. Sanchez") and Defendants, Tribeca Hummus Inc. d/b/a Nish Nush, Eyal Hen, Eyal Asulin, and Shai Sudai (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

### I.    Plaintiff's Allegations and Defendants' Responses

This action was originally brought by Plaintiff for alleged failure to pay minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, failure to give a wage notice at time of hire, failure to provide paystubs and failure to reimburse for tools of the trade pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff Sanchez alleged that he was formerly employed as delivery worker for Tribeca Hummus Inc. d/b/a Nish Nush, a Mediterranean style restaurant owned by Defendants and located at 88 Reade Street, New York, NY 10013. Defendants hired Plaintiff from on or about July 2013 to December 2016. Plaintiff alleges that from July 2013 to November 2016 he worked sixty-eight (68) hours per week. During his time employed by Defendants, Mr. Sanchez was paid $5.00 per hour, beginning in 2013 through the end of 2015 and raised to $7.50 per hour until the end of his employment.

Defendants employed and accounted for Plaintiff Sanchez as a delivery worker, but Plaintiff alleges that his duties included greater time spent performing non-delivery, non-tipped functions as Plaintiff was made to wash dishes all day, prep food all day or stock inventory all day instead of making deliveries. Plaintiff claims that, under both the FLSA and NYLL, Defendant is not entitled to take a tip credit because Plaintiff Sanchez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever is less in each day) (12 N.Y.C.R.R. § 146) and Plaintiff Sanchez should have been paid regular minimum wage.

Although Defendants did implement a time tracking system after 2014 and paid Plaintiff overtime, Plaintiff was not paid the correct overtime premiums for work performed in excess of forty hours per week because he was paid at the misapplied tip-credit rate. Moreover, Plaintiff was not paid an additional hour at the applicable minimum rate for workdays lasting longer than ten hours.

Additionally, Defendants did not reimburse Plaintiff for expenses incurred in relation to tools of the trade. Plaintiff Sanchez spent $300.00 to purchase the bicycle and spent approximately $20.00 per month to maintain and repair the bicycle which was never reimbursed by Defendants.

Defendants claim that they have complete and accurate time records through use of a swipe system, and the time clocked in matched the time Plaintiff was paid for. They also claim that Plaintiff was not engaged in non-tipped work sufficient to nullify the tip credit.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.     Settlement Negotiations

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $95,000.00, exclusive of attorney's fees. The demand was wholly based on Plaintiff's maximum possible recovery if he were able to establish each and every claim. Defendants contend that the swipe system and payroll records established a complete defense to any liability. However, Defendants were willing to pay a premium, within reason, to settle this matter before protracted and costly litigation. In view of that, Defendants initial offer of settlement was $10,000 because they did not have the requisite WTPA Form and they were incurring counsel fees. The Parties engaged in good faith settlement discussions with the help of a Court appointed mediator, and the Parties agreed on the settlement amount of $23,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $23,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $8,090.00 with settlement payments to Plaintiff Sanchez of $14,910.00. The attorney's fees and costs are allocated as follows: $7,454.00 for fees, and $636.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, unpaid overtime wages, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to reimburse for tools of the trade. This amount also considers the costs and the uncertainty of protracted litigation, in particularly significant concerns about the collectability of a judgment against Defendants. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### III. The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1354 (11th Cir. 1982)*).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's-length bargaining between experienced labor and employment counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### IV. Plaintiff's Application for Attorney's Fees Should Be Approved

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $636.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $7,454.00, which comes to $8,090.00 as set forth in Paragraph 2 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $350. Lorena P. Duarte, Esq., lead attorney on this case, has experience in employment, family, real estate, and mass tort litigation. Being fluent in Spanish and French, she specializes in representing the Spanish speaking community in these cases both on plaintiff and defendant side. Currently, she independently handles a case load of more than thirty cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial and bill an hourly rate of $275. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $11,948.50.

## V.  Conclusion

For the foregoing reasons, Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Rui Ma*
Rui Ma, Esq.