## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is entered into by and between Plaintiff Bernabe Sanchez Gonzalez ("Plaintiff Sanchez"), and Defendants Tribeca Hummus Inc. d/b/a Nish Nush, Eyal Hen, Eyal Asulin, and Shai Sudai (collectively, the "Defendants") (Plaintiff and Defendants shall hereinafter collectively be referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiff filed a civil action entitled *Bernabe Sanchez Gonzalez v.Tribeca Hummus Inc. d/b/a Nish Nush, Eyal Hen, Eyal Asulin, and Shai Sudai"*, in the United States District Court for the Southern District of New York (the "Court"), Case No. 1:18 Cv. 10664-RWS (the "Action");

**WHEREAS,** Plaintiff claimed, among other things, violations of the Fair Labor Standards, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA");

**WHEREAS**, the Parties reached a settlement in order to fully resolve the Action;

**WHEREAS**, the Parties now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Action as to themselves;

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions which constitute full settlement of this Action:

1. **Recitals.** The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

2. **Consideration.** In consideration for the promises that the Plaintiff has made in this Agreement and the prior submission to Defendants of an IRS W-4 completed by Plaintiff and IRS Form W-9's completed by Plaintiff and Plaintiff's Counsel, Defendants shall pay the total gross sum of Twenty-Three Thousand Dollars and Zero Cents ($23,000.00) which includes attorney fees and costs of Eight-Thousand and Ninety Dollars and Zero Cents ($8,090.00) (the "Settlement Payment"), apportioned as follows:

    (a)  The Settlement Payment of Twenty-Four Thousand Dollars and Zero Cents payable in Certified Bank Check or Money Order as follows:

    1. One check payable to "Bernabe Sanchez Gonzalez" in the gross amount of Seven Thousand Four Hundred and Fifty-Five Dollars and Zero Cents ($7,455.00) less applicable tax withholdings and deductions required by law, representing payment for any and all unpaid minimum wage, overtime and other wages under the FLSA and NYLL. Defendants shall issue Plaintiff Sanchez an IRS Form W-2 with respect to these payments.

      2. One check payable to "Bernabe Sanchez Gonzalez" in the gross amount of Seven Thousand Four Hundred and Fifty-Five Dollars and Zero Cents ($7,455.00) representing payment for alleged liquidated damages and penalties under the FLSA and NYLL.  Defendant shall issue Plaintiff Sanchez an IRS Form 1099-MISC with respect to these payments.

      3. One check payable to "Hang & Associates PLLC" in the gross amount of Eight Thousand Ninety Dollars and Zero Cents ($8,090.00) not subject to withholdings.  Defendant shall issue Plaintiff and Plaintiff's Counsel an IRS Form 1099-Misc. with respect to this payment.

  (b)    The portion of the Settlement Payment payable to Hang & Associates PLLC represents payment for Plaintiff's attorney's fees, costs and expenses incurred in this matter which will be indicated to Plaintiff on the IRS Form 1099 as gross proceeds paid to an attorney in Box 14.

**3.** **Delivery of Settlement Payment to Plantiff and His Counsel:** As set forth in Paragraph 2, the Settlement Payment shall be delivered to Plaintiff's counsel within twenty (20) days of the Court's approval of the Agreement ("Payment Due Date"). The Settlement Payment shall be delivered to Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 on or before the Payment Due Date.

**4.** **Taxes.**  Plaintiff is responsible for payment of all taxes and other withholding due as a result of the receipt of the amounts paid directly to him.  Plaintiff understands that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement;

  (a)    In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by Defendants as a result of any non-payment by Plaintiff made hereunder (a "Tax Claim"), said Tax Claim shall be the sole obligation and liability of Plaintiff, who shall hold harmless and indemnify Defendants from any tax-related or other liability.

  (b)    Defendants and/or their attorneys shall give written notice of such Tax Claim by electronic mail, fax and/or overnight mail, to Plaintiff's attorney, Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, jhang@hanglaw.com, fax: (718) 353-6288, within seven (7) business days of notice of such Tax Claim, and Defendants and/or their attorneys shall provide Plaintiff and/or Plaintiff's attorneys a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Defendants and/or their attorneys shall reasonably cooperate with Plaintiff and/or with his attorneys, to the extent possible, to minimize the costs associated with this indemnity.

5. **Bona Fide Dispute**: After consultation with his counsel, and in consideration of all the facts and circumstance surrounding their employment with Tribeca Hummus Inc., Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that the amount being paid to Plaintiff, as set forth in Paragraph 2, is a fair and reasonable resolution to these bona fide disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

6. **Dismissal of Claims.** Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement to the Court for review and approval along with the appropriate motion. Upon receipt of Court's approval of the Agreement and receipt of the Settlement Payment by the Plaintiff, Plaintiff will submit the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as **Exhibit A** for dismissal of all claims.

7. **Cooperation.** Counsel for the Parties shall cooperate and take all reasonable necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

8. **Full Settlement, Waiver and Release of Defendants by Plaintiff.** In consideration for Defendants' obligations under this Agreement, and for the promises and releases contained herein, Plaintiff represents and acknowledges that the Settlement Payment set forth in Paragraph 2 above represents fair consideration for their release and other obligations under this Agreement, and Plaintiff specifically acknowledges that, other than the Settlement Payment set forth in Paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants.

   (a) Release of All Wage and Hour Claims against Defendants: Plaintiff knowingly and voluntarily releases and forever discharges Defendants, to the broadest extent permitted by law, from and against any and all claims under the FLSA and NYLL (including the WTPA), whether known or unknown, arising up to and including the date of the execution of this Agreement, which may exist against Defendants, including any claims for alleged violations of the FLSA and/or NYLL (including the WTPA), and any claims for costs, fees, or other expenses, including but not limited to a claim for attorneys' fees or costs. The parties acknowledge and agree that the Settlement Payment covers all claims that were or could have been asserted under the FLSA and/or the NYLL (including the WTPA) by Plaintiff against Defendants.

   (b) Excepted from this release is any claim or right that cannot be waived by law, including claims arising after the date of this Agreement.

9. **Mutual Non-Disparagement.** (a) Plaintiff agrees that he will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Defendants, their family members, or any of the Releasees whether by electronic, written or oral

means, to any of Defendants' past, present or future customers, competitors, employees, or to any other person (including, but not limited to, their employers, the press or other media).

(b) Defendants Eyal Hen, Eyal Asulin and Shai Sudai agree that they will not make, or cause to be made, any derogatory, disparaging, defamatory or untruthful statements about the Plaintiff, whether by electronic, written or oral means, to any of Plaintiff's employers, known potential employers, or to any other person (including, but not limited to, the press or other media).

(c) Nothing herein is meant to prohibit any party from providing documents or testifying truthfully under oath pursuant to any lawful court order or subpoena. Furthermore, nothing herein shall prohibit any Party from making truthful statements regarding their experience in litigating this case.

**10.** **Binding Nature of Agreement.**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

**11.** **Attorneys' Fees and Costs.**  Plaintiff acknowledges that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements executed by the Plaintiff in this case.

**12.** **Representations and Acknowledgements.**  Plaintiff hereby expressly states that he has fully consulted with his respective legal counsel, prior to executing this Agreement, and is executing this Agreement, of his own free will, after full consultation with their respective legal counsel.

(a) Plaintiff represents that he has not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein.  Plaintiff specifically acknowledges that the Parties jointly prepared this Agreement and that he is signing this Agreement knowingly and voluntarily.

(b) Plaintiff represents that, other than the Action, he has not filed, caused to be filed, or presently are a party to any filed claim, complaint, or action against any of the Defendants in any forum.

**13.** **No Admission of Wrongdoing.**  This Agreement, and compliance with this Agreement, is not and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity.  Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into by the Parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from his

employment.  Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither Party shall be considered a prevailing party and Pach party shall bear her, his or its own attorneys' fees, costs and expenses.

14. **Governing Law and Jurisdiction.**  This Agreement shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that any litigation to enforce this Agreement shall be brought in the United States District Court for the Southern District of New York.

15. **Notices:**  Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Jian Hang, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel:    (718) 353-8588
Email:  jhang@hanglaw.com

To Defendants:

Raymond Nardo, Esq.
Raymond Nardo, P.C.
129 Third Street
Mineola, New York 11501
(516) 248-2121
Email: raymondnardo@gmail.com

16. **Interpretation.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties respective counsel and shall not be construed against the "drafter" of the Agreement.

17. **Modification of Agreement.**  This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the party against whom such waiver is charged.

5

**18.** **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

**19.** **Headings.** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**20.** **Signatures in Counterparts.** This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

**21.** **Effective Date and Revocation.** This Agreement shall become effective on the day that it is approved by the Court.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

**[SIGNATURE PAGE FOLLOWS]**

Dated: 5/24/19

_____
Bernabe Sanchez Gonzalez

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF Queens   )

On the 24th day of May 2019, before me, the undersigned notary public, personally appeared **Bernabe Sanchez Gonzalez**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

Dated: _____

_____
**Eyal Hen**

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF _____  )

On the _____ day of May 2019, before me, the undersigned notary public, personally appeared **Eyal Hen,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Dated: _____          _____
                                        **Bernabe Sanchez Gonzalez**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____  )

      On the _____ day of May 2019, before me, the undersigned notary public, personally appeared **Bernabe Sanchez Gonzalez**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Dated: 6/4/19                           _____
                                        **Eyal Hen**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

      On the 4th day of June 2019, before me, the undersigned notary public, personally appeared **Eyal Hen,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Akash Ramlackhan
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RA6387933
Qualified in Queens County
Commission Expires   February 25, 2023

Dated: 6/3/19 _____

                                        **Eyal Asulin**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NY      )

On the 3 day of May, 2019, before me, the undersigned notary public, personally appeared **Eyal Hen, Asulin** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

NICKY LEGAKIS R.Ph.
NOTARY PUBLIC, STATE OF NEW YORK
No. 01LE6178684
Qualified in Richmond County
My Commission Expires 12/10/2019

Dated: 6/3/19 _____

                                        **Shai Sudai**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NY      )

On the 3 day of May, 2019, before me, the undersigned notary public, personally appeared **Shai Sudai** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

NICKY LEGAKIS R.Ph.
NOTARY PUBLIC, STATE OF NEW YORK
No. 01LE6178684
Qualified in Richmond County
My Commission Expires 12/10/2019

8

Dated: 6/4/19

Name: EYAL HEN

ON BEHALF OF TRIBECA HUMMUS INC.

Title: CO OWNER

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On the 4th day of ~~May~~ June, 2019, before me, the undersigned notary public, personally appeared Eyal Hen personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Akash Ramlackhan
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RA6387933
Qualified in Queens County
Commission Expires   February 25, 2023

9