UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: January 24, 2020

BERNABE SANCHEZ GONZALEZ, *individually and on behalf of all other employees similarly situated*,

                Plaintiff,

– against –

TRIBECA HUMMUS INC., *doing business as Nish Nush*, EYAL HEN, EYAL ASULIN, SHAI SUDAI,

                Defendants.

**ORDER**

18 Civ. 10664 (ER)

Ramos, D.J.:

      Bernabe Sanchez Gonzales ("Sanchez"), individually and on behalf of all other employees similarly situated, brought this action against his former employer, Tribeca Hummus Inc. d/b/a Nish Nush, and its owners, shareholders and managers including Eyal Hen, Eyal Asulin, Shai Sudai, under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act to recover minimum wages, overtime wages, liquidated damages, interest, attorney's fees and costs owed. Doc. 8. Pending before the Court is the parties' application for court approval of the Settlement Agreement and General Release ("Agreement") between the parties. Doc. 28.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In determining whether the proposed settlement

is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In *Lopez v. nights of Cabiria,* LLC, 96 F.Supp.3d 170 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205-06, the court rejected a proposed FLSA settlement because the parties did not provide the basis for the recovery figure or documentation supporting the attorneys' fees, and the settlement included impermissible confidentiality provisions and overbroad releases. *Id.* at 176–182. The proposed Agreement here is deficient because the parties did not provide the basis for the recovery figure.

Specifically, "[t]he parties have not 'provide[d] the Court with each party's estimate of the number of hours worked or the applicable wage'" of Sanchez. *Nights of Cabiria*, 96 F. Supp. 3d at 176 (second alteration in original) (quoting *Mamani v. Licetti*, No. 13 Civ. 7002 (KMW) (JCF), 2014 WL 2971050, at *2 (S.D.N.Y. July 2, 2014)). The Court thus has no sense of how the parties arrived at the settlement figures. *Id.* at 176–77. "In the absence of such information, the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable. It may be that the proposed settlement would merit approval in light of a more complete record. As it stands, however, the current submission is inadequate." *Id.* at 177.

Accordingly, the Court will not approve the settlement unless the parties correct the deficiency identified above. The parties may proceed in one of the following ways:

1. Submit a revised agreement to the Court on or before **January 31, 2020**.  The submission shall provide the basis for the recovery figures as described in this Order.

2. File a joint letter on or before **January 31, 2020**, that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law.  *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:    January 24, 2020
            New York, New York

_____
Edgardo Ramos, U.S.D.J.