USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 01/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNABE SANCHEZ GONZALEZ, *individually and on behalf of all other employees similarly situated*,

Plaintiff,

– against –

TRIBECA HUMMUS INC., *doing business as Nish Nush*, EYAL HEN, EYAL ASULIN, SHAI SUDAI,

Defendants.

**ORDER**

18 Civ. 10664 (ER)

Ramos, D.J.:

On August 26, 2019, the parties submitted an application for the Court to approve the parties' settlement agreement (the "Agreement"). Doc. 28 Ex.1. On January 24, 2020, the Court declined to approve the Agreement as drafted, on the basis that the submission was inadequate (the "Jan 24 Order"). Doc. 31. Specifically, the Agreement failed to provide "a basis for the recovery figure" to enable the Court to evaluate the fairness and reasonableness of the recovery figures. *Id.* In the Jan 24 Order, the Court directed the parties to proceed in one of the following ways: (1) submit a revised agreement that provides the basis for the recovery figures as described; (2) file a joint letter, indicating the parties' intention to abandon settlement and continue on to trial; or (3) stipulate to dismissal of the case without prejudice. *Id.*

On January 28, 2020, in response to the Jan 24 Order, the parties submitted the same executory settlement agreement, but an amended letter in support thereof. Doc. 32. In the amended letter, plaintiffs estimate the range of possible recovery by plaintiff to be no more than $51,240.00 in back wages. *Id* at 4. The parties agreed to settle plaintiffs' claims for a total of

$23,000.00. *Id.* Of that amount, plaintiffs would receive $14,910.00, which represents approximately 29 percent of their overall maximum possible recovery. *Id.* In addition, Defendants asserted that they had complete and accurate time records through use of a swipe system that would show that plaintiff was at all times properly paid. Therefore, the risks and uncertainties of litigating plaintiff's claims to trial are high, and plaintiff could potentially recover nothing. *Id.* In light of the parties' submissions and the risks and costs of litigating these issues to trial, the Court concludes that the parties' proposed settlement amount of $23,000.00 is fair and reasonable under the circumstances. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 07228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount reflected a "reasonable compromise of disputed issues"); *Beckert*, 2015 WL 8773460, at *2 (approving settlement where the plaintiff received 26% of the maximum possible recovery).

As noted, plaintiffs state that they would receive $14,910.00 from the settlement fund, and their counsel would receive $8,090.00 (including $7450.00 in attorneys' fees and $636.00 in expenses), which represents one-third of the total settlement amount.[1] Doc. 33, Ex. 2. The Court also concludes that the attorneys' fees of one-third of the settlement is reasonable, and supported by counsels' contemporaneous billing records, which detail the type of work performed and the hours logged by plaintiff's counsel. Doc. 31, Ex. 1; *see Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases"); *Garcia v.*

---

[1] "[W]hen assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement *net of costs*." *Montalvo v. Arkar Inc.*, No. 17 Civ. 6693 (AJN), 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) (emphasis added). Net of costs of $636.00, counsel would receive $7450.00 out of $23,000.00, which represents approximately one-third of the recovery.

2

*Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."). The reasonableness of counsel's fee is also supported by cross-referencing the lodestar method. The lodestar is the "product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Here, attorney Jian Hang, Esq., the managing partner of the firm representing plaintiff with over ten years of experience in employment law, requests an hourly rate of $350. Doc. 31, Ex. 2. The lead attorney on this case, Lorena P. Duarte, Esq., requests an hourly rate of $275. Those rates are within the range of reasonable hourly rates for similarly experienced attorneys. *See e.g.*, *Reinoso v. Cipriani*, No. 17 Civ. 8509 (VSB), 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019) (Courts in this District have found hourly rates between $250 and $450 to be appropriate for experienced employment litigators. Based on the number of hours worked and Hang and Duarte's hourly rates, the lodestar amounts to $11,312.50. Given that the proposed attorney's fees represent approximately one-third of the total settlement amount and are significantly less than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable, the Court therefore concludes that the requested attorneys' fees and costs are objectively reasonable.

Finally, the Court finds that the Agreement itself passes *Cheek's* scrutiny. The Agreement here contains a narrow release provision that is limited to the claims that plaintiff asserted or could have asserted in this action.

Accordingly, the Court is satisfied that the Agreement represents a fair and reasonable resolution of Plaintiffs' claims. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties' request for approval of the proposed settlement is GRANTED. It is SO ORDERED.

Dated: January 29, 2020
        New York, New York

                                                   Edgardo Ramos, U.S.D.J.